## STATE COURT OF APPEALS—Continued

No. 305
### CHEVROLET MOTOR CO. v. STERN
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4637. Decided Nov. 12, 1923
Middleton, Sayre and Mauck, JJ., sitting

**769. MINORS—Restoraton of a motor car purchased by a minor can not be made except at seller's place of business, in order to recover back money paid on the contract.**

MIDDLETON, P. J.
### Epitomized Opinion
Published Only in Ohio Law Abstract

The record in this proceeding shows that Phillip Stern during infancy purchased from the Chevrolet Motor Co. a touring car for $780.05, paying therefor cash $296.05 and $484 by a note payable in sums of $40.34.

Stern, after holding and using the car some months, disaffirmed the contract and brought suit in the Cleveland Municipal Court to recover the cash payment and certain sums he had paid on the note. That court gave him judgment for the full amount of his claim. Stern alleged, in his statement of claim, that on or about April 15, 1922, he returned the automobile to the company, which was accepted by them, and demanded the return of his money. The record shows that when he disaffirmed the contract he attempted to restore the car to the motor company by leaving it at the place from which he received the car when he purchased it. This place was then occupied and used as a place of busness by another and different person, not the agent or the representative of the motor company, and there was in fact no restoration of the car. The Court of Appeals reversed the trial court, holding:

Restoration both under the pleading and as a matter of law being a condition precedent to the right of recovery, Lemmon v. Beeman, 45 OS. 505, it follows that the judgment is not supported by sufficient evidence, and for that reason it is reversed, and the case is remanded to the Municipal Court for further proceedings according to law.

Attorneys not given.

---

No. 306
### WESTON v. BOLOTIN FURNITURE CO.
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 12, 1923

**951. PRINCIPAL AND AGENT—Furniture company is liable for assault by its servant upon customer.**

POLLOCK, J.
### Epitomized Opinion
Published Only in Ohio Law Abstract

Weston sued Furniture Co. in Mahoning Common Pleas, for injuries received when she was assaulted by an employe of the defendant.

Weston bought furniture from defendant on the instalment plan and had been making payment on the furniture. Stafford, in charge of the credit system, went to the home of Weston, and while inquiring about her payments, assaulted her, causing serious injuries. At the close of Weston's testimony, the court directed a verdict on motion of defendant. In reversing the judgment, the Court of Appeals held:

1. "An employe is liable for the willful or malicious acts done in the course of the servant's employment. It is not the principle of law that causes the trouble, but it is the application of the facts, that is, whether the assault was done while engaged in the employer's business, or whether the agent has gone outside of his authority. We think it was a question for the jury to determine, under all of the evidence, why this representative of the defendant was attempting to enter the home. The case of R. R. Co. v. Wetmore is not an authority controlling in this case, because the Supreme Court was considering the facts after a jury had determined by their verdict against the plaintiff below. But we are considering the facts where a verdict has been directed."

Attorneys—F. J. Heim, for Weston; L. L. George, for Furniture Co., both of Youngstown.

---

## CODE NOTES

In order that the hundreds of opinions, construing sections of the Ohio Gentral Code, published exclusively in the Abstract, as well as all statute annotations, may be presented to our subscribers in the most comprehensive and accessible form, we are commencing this week to publish a separate digest of them, in which all of them for each week will be collated and classified under the distinctive heading of "Code Notes."

A sample of the plan appears on page 272. This presentation is incomplete, being meant only as a beginning from which the permanent form will be developed.

It is to be observed that the style follows the skeleton form of the General Code, and it will do so each week. In order to make the decisions clear, separable, and easily findable, without a constant handling and comparison with the ponderous codes, each decision will be prefaced with a copy of the code expression which headlines and indexes the subject matter of the section to which it attaches.

The work will be improved from time to time, as experience suggests, and will become a valuable feature of the Abstract's publicity giving service.