## LINK v COLUMBUS GREEN CABS, INC.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3129.   Decided Feb. 6, 1940.

Gordon E. Williams, Columbus, and Williams, Williams, Klapp & Reynolds, Columbus, for plaintiff-appellant.

Schwartz & Gurevitz, Columbus, for defendant-appellee.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff in his second amended petition sought judgment against the defendant in the sum of $2157.65 for personal injuries allegedly incurred through an assault by one of defendant's agents. The operative allegations of the petition are in substance as follows:

On or about October 8, 1938, there was a collision between two taxicabs, one driven by the plaintiff and the other by one George McNight, agent of the defendant company.

Following the collision both operators stopped their vehicles, got out of their respective taxicabs, and plaintiff asked the defendant's agent for his name and address, the registered number of his motor vehicle and the name and address of the owner of the car, which information said George McNight neglected and refused to give and as the plaintiff was in the act of writing down the registration number of the said defendant's taxicab, the said George McNight assaulted and beat the plaintiff, severely injuring him.

The defendant filed a general demurrer to plaintiff's petition.

On hearing the Court sustained the demurrer and the plaintiff not desiring to plead further, final judgment was entered dismissing the petition with judgment for costs in favor of defendant.

The sole and only question for our consideration is whether or not the trial court was in error in sustaining the general demurrer to plaintiff's petition and entering judgment. Again, this question is decided by a determination of whether or not the facts alleged disclosed that the act complained of was within the course or scope of the agent's employment.

It is conceded that there is no direct allegation to this effect. It is the contention of plaintiff that a good pleading would not permit of such allegation in that it would be pleading a conclusion, but he urges that the facts set out in his petition adequately present this necessary element. Counsel for plain-

tiff cite and comment upon the following authorities:

Ronda v Lowry & Co., 9 Oh Ap 91.

Weston v Bolotin Furniture Co., 2 Abs 268.

Bloom v City of Newark, 30 N.P.N.S. 480.

Nelson Business College Co. v Lloyd, 60 Oh St 448.

A restatement of the Law of Agency as adopted and promulgated by the American Law Institute, Vol. 1, Ch. 7, Sec. 245, R. C. L., Vol. 18 (Master and Servant) 263.

26 O. Jur. p. 656, §641.

Counsel for appellee cite and comment on the following authorities:

Little Miami R. R. Co. v Wetmore, 19 Oh St 110.

City Gas & Elec. Co. v Black, 95 Oh St 42.

Waldron v N.Y.C., 106 Oh St 371.

Cleveland Ry. Co. v Huntington, 119 Oh St 518.

We have examined each and all of the cases and publications cited and have made some independent research.

The law is well defined and we agree with the statement of the Court in one of the cited cases, as follows:

"It is not the principle of law that causes the trouble, but it is the application of the facts, that is, whether the assault was done while engaged in the employer's business or whether the agent had gone outside of his authority."

We have arrived at the conclusion that the decision of the Supreme Court in the case of Cleveland Railway Company v Huntington, supra, is determinative of the instant case. It is very similar in its facts and being a very recent decision by the Supreme Court of Ohio, it is really the last word in the way of precedent. The syllabus alone presents the similarity of facts and at the same time announces the the controlling principle of law:

"The fact alone that a motorman of a street car is charged by his employer with the duty of asking for names and addresses of persons on the street and near the car when there is an accident which affects the car or its passengers and reporting the same to the company does not impose upon the street car company a liability to respond in damages for a personal assault committed by the motorman or any such person in connection with the performance of that duty when the person assaulted has no contractual relation with the street car company."

The opinion was by Kinkead, J. The text from which the syllabus is built is found at pages 524 and 525. Judge Kinkead also cites numberless cases from courts of last resort and other jurisdictions.

We find no error in the judgment of the lower court in sustaining defendant's demurrer.

Judgment affirmed and costs adjudged against appellant.

HORNBECK, PJ. & GEIGER, J., concur.